UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 13-0133 (ESH) |
| KAY SILVER aka KAY S. COLEMAN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action brought *pro se* under the Court's diversity jurisdiction, plaintiff sues his ex-wife for "Defamation of Character, Slander, Libel, and Alienation of Affection." (Am. Compl. [Dkt. # 5] at 1.) Defendant, a resident of Garner, North Carolina, moves to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) on statute of limitations grounds. (Def.'s Mot. to Dismiss the Am. Compl. [Dkt. # 7].) Plaintiff moves to strike defendant's motion to dismiss pursuant to Rule 12(f), which the Court will deny but will consider the supporting arguments as his opposition to defendant's motion to dismiss.[1] (Pl.'s Mot. to Strike [Dkt. # 9], hereafter "Pl.'s Opp'n".) Since plaintiff has

---

[1] On March 5, 2013, the Court directed plaintiff to respond to defendant's motion to dismiss by April 5, 2013, and advised him about the possible consequences if he did not respond. Order [Dkt. # 8]. Plaintiff filed the Motion to Strike on April 1, 2013, asserting that defendant's grounds for dismissal are "wrongly argue[d]" and essentially disagreeing with her defenses. Rule 12(f) authorizes the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A motion to dismiss is not a "pleading." *See* Fed. R. Civ. P. 7(a) (listing pleadings as a complaint and an answer). In any event, plaintiff's nebulous arguments do not support striking defendant's motion in whole or in part.

not shown how this Court can exercise jurisdiction over defendant, the motion to dismiss under Rule 12(b)(2) will be granted and the case will be dismissed.

## BACKGROUND

In a seven-count complaint sparse on concrete facts, plaintiff alleges that over the course of 28 years, defendant has falsely accused him of various abhorrent acts, including sexually molesting his now-32-year-old daughter when she "was 2-3 years old," attempting to kill her and their two daughters, and stalking the children of "a previous friend" who testified against plaintiff at a custody hearing. (Am. Compl. [Dkt. # 5] at 2-5.) In each count of the complaint, plaintiff alleges that each statement was made "[t]o non-privileged third parties," that defendant made the statement knowing it to be false, and that defendant made the statement to "alienate the affection of [his]daughter . . . in turn causing the Plaintiff to mourn for his 'lost' daughter for the next 28 years." (*See id*.) Plaintiff seeks "an award of [$]25,000 on each count, times 28 years . . . ." (*Id*. at 5.)

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing a factual basis for personal jurisdiction over the defendants. *Rossmann v. Chase Home Finance, LLC*, 772 F. Supp. 2d 169, 171 (D.D.C. 2011) (citing *Crane v. N.Y. Zoological Society*, 894 F.2d 454, 456 (D.C. Cir. 1990)). The Court need not treat all of the plaintiff's allegations as true when determining whether personal jurisdiction exists over the defendant. Instead, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *United States v. Philip Morris, Inc*., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and

Procedure § 1351 (1990)).  Any factual discrepancies with regard to the existence of personal jurisdiction should be resolved in plaintiff's favor.  *See Crane*, 894 F.2d at 456.

The D.C. Court of Appeals has set forth a two-part inquiry for establishing personal jurisdiction over a nonresident defendant.  *Rossmann*, 772 F. Supp. 2d at 171.  First, a court must "examine whether jurisdiction is applicable under the state's long-arm statute," and second, "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."  *Id.* (quoting *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)).  The applicable long-arm statute states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13–423(a).  Section 13-423 makes clear that, where jurisdiction is predicated solely upon the long-arm statute, "only a claim for relief arising from acts enumerated in this section may be asserted against him."  D. C. Code § 13-423(b).

Plaintiff has not alleged any facts establishing personal jurisdiction under the long-arm statute.[2]  In his opposition, plaintiff dismisses defendant's personal jurisdiction argument as "all

---

[2]  In the Amended Complaint, plaintiff states "[h]aving established a *prima facie* case for "Diversity of Citizenship," and for personal jurisdiction, the US District Court of the District of Columbia, has jurisdiction in this matter."  Am. Compl. at 2.  This statement mistakenly conflates two distinct jurisdictional doctrines.  *Compare* 28 U.S.C. § 1332 (conferring original jurisdiction in the district court over diversity actions seeking damages exceeding $75,000), *with* Fed. R. Civ. P. 4 (k) ("Serving a summons . . . establishes personal jurisdiction over a defendant:

sound and fury signifying nothing . . . ." and seems to assert, wrongly, that the Court has personal jurisdiction over the defendant because plaintiff "reside[d] in DC at time suit was filed." (Pl.'s Opp'n ¶¶ 5, 6.)  Plaintiff has not disputed defendant's detailed affidavit establishing her "sole contact" with the District of Columbia "as a tourist and sightseer" one afternoon "approximately 22 years ago."  (Aff. of Kay Silver [Dkt. # 7-1] ¶ 13.)  Defendant states that during her visit to the District, she "did not stay overnight . . . visit anyone who lived in the District of Columbia," or conduct any business in the District.  (*Id*.)  Defendant confirms that none of the events forming the basis of the complaint could have occurred in, or has any connection to, the District of Columbia since she lived in North Carolina during the relevant time period and obtained both a divorce decree and a judgment terminating plaintiff's parental rights in North Carolina courts.  *Id*. ¶ 16.  "As plaintiff has failed to establish a valid statutory basis for personal jurisdiction, the Court need not address whether a finding of jurisdiction satisfies the constitutional requirements of due process."  *Rossman*, 772 F. Supp. 2d at 173 n.7.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss for lack of personal jurisdiction and will deny plaintiff's motion to strike.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
DATE: April 17, 2013                                  United States District Judge

---

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").